**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN DANIEL WEEKLEY, | ) NO. SA CV 17-1337-ODW(E) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT |
| ORANGE COUNTY SHERIFF'S DEPARTMENT, et al., | ) WITH LEAVE TO AMEND |
| Defendants. | ) |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(2).

**BACKGROUND**

Plaintiff, a state prisoner, brings this civil rights action pursuant to 42 U.S.C. section 1983 against the Orange County Sheriff's Department and Deputy Sheriff Gotts, whom Plaintiff designates as "Defendant #1" and "Defendant #2," respectively. Plaintiff sues Defendant Gotts in his individual and official capacities. Plaintiff's claims arise out of alleged events in August and September

of 2016 when Plaintiff assertedly was incarcerated at the Orange County Jail.[1]

The Complaint contains two claims for relief. In Claim I, Plaintiff alleges that, after Plaintiff and another inmate assertedly engaged in a brief altercation, Defendant Gotts allegedly responded to the scene (Complaint, p. "5 of 6"). By the time Gotts allegedly arrived, Plaintiff assertedly was "proned out" on the floor (id.). Plaintiff allegedly never resisted or made any attempt to move (id., p. "5 of 6(B)"). Gotts allegedly jumped on Plaintiff's back with a knee, assertedly driving Plaintiff's head into the stairwell with extreme force (id., p. "5 of 6"). Gotts allegedly lifted Plaintiff a few inches off the ground and drove Plaintiff into the concrete staircase head first while assertedly dropping Gotts' knees into Plaintiff's back, allegedly causing Plaintiff to suffer multiple facial and head lacerations (id.). Plaintiff allegedly could no longer see due to the blood assertedly running into his eyes (id.). Gotts allegedly handcuffed Plaintiff and dragged Plaintiff down the escalator to the Medical Ward (id., p. "5 of 6(B)"). Plaintiff allegedly was taken to the hospital were he assertedly was treated for head and facial lacerations and a concussion and kept under observation for two days (id.). Plaintiff allegedly lost vision in his left eye and still experiences headaches (id.). Plaintiff contends Defendants violated Plaintiff's Eighth Amendment right to be free from excessive force.

///

---

[1] It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged wrongdoing.

2

In Claim II, Plaintiff alleges that unidentified deputies denied Plaintiff grievance forms and threatened to retaliate against Plaintiff for filing grievances (id., p. "5 of 6(C)"). Plaintiff also alleges that, upon Plaintiff's return from the hospital, unidentified deputies assertedly disregarded a "known danger sign" and placed Plaintiff in "regular non-medical housing" while ignoring Plaintiff's medical complaints and concerns, which allegedly caused Plaintiff to fall unconscious and go "Man Down" (id.).

Plaintiff further alleges that the County ("Defendant #1") also committed the previously described asserted excessive force and allegedly returned Plaintiff from the hospital to Plaintiff's "same housing unit" which assertedly was "unsupervised by medical staff" (id., p. "5 of 6(D)"). After Plaintiff allegedly went "man down," Plaintiff assertedly was taken to a medical facility (id.). Two days later, Plaintiff allegedly attempted to file a grievance claiming excessive force and inadequate medical care but the grievance "went unanswered" (id.). Plaintiff allegedly asked "Defendant #1" for grievance forms multiple times, and unidentified staff assertedly told Plaintiff that Plaintiff would "get on[e] later, or on 'next week'" (id.). Plaintiff allegedly never received a grievance form and there were no grievance forms on Plaintiff's housing unit (id.). Unidentified staff allegedly told Plaintiff that Plaintiff did "not want to file a grievance because 'we will fuck you up if you do'" (id.). Plaintiff purportedly was scared for his life (id.).

The County ("Defendant #1") allegedly failed to train its officers properly concerning the use of force, grievance procedures,

proscription against retaliation and the provision of medical care to inmates (id.).

Plaintiff seeks compensatory and punitive damages in the sum of $2.5 million from Defendant Gotts and compensatory and punitive damages in the sum of $5 million from the County (id., p. "6 of 6").

**DISCUSSION**

The Court must construe Plaintiff's section 1983 official capacity claims against Defendant Gotts as claims against the County. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not sue the County for alleged constitutional violations on a theory of respondeat superior, which is not a theory of liability cognizable under 42 U.S.C. section 1983. See Connick v. Thompson, 563 U.S. 51, 60-61 (2011); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 831 (2017). The County may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("Monell"). A plaintiff seeking to impose liability on a municipality under Monell must allege facts showing that: (1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final

policy-making authority ratified the unconstitutional act. Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992), cert. denied, 510 U.S. 932 (1993).

Plaintiff's conclusory allegations do not suffice to plead a municipal liability claim against the County under these standards. See Ashcroft v. Iqbal, 556 U.S. at 678 (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 2101 (2012) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Additionally, liability under Monell may not be predicated on "isolated or sporadic incidents," but "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Gant v. County of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014). The Complaint does not contain sufficient factual allegations to plead a cognizable Monell claim.

Additionally, Plaintiff's general and conclusory allegations that unidentified staff assertedly engaged in various acts of wrongdoing, including alleged denial of medical care, retaliation and interference with the grievance process, are insufficient. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (complaint is subject to dismissal

for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"); see also E.D.C. Technologies, Inc. v. Seidel, 2016 WL 4549132, at *9 (N.D. Cal. Sept. 1, 2016) ("Courts consistently conclude that undifferentiated pleading against multiple defendants is improper") (citations, internal brackets and quotations omitted); Chevalier v. Ray and Joan Kroc Corps. Cmty. Ctr., 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (complaint that failed to "identify which wrongs were committed by which Defendant" insufficient); Fed. R. Civ. P. 8.

Finally, Plaintiff may not recover punitive damages against a governmental entity or an individual governmental officer sued in his or her official capacity. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 (9th Cir.), cert. denied, 528 U.S. 1003 (1999).

**ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint in conformity with this Order. While the Court does not necessarily deem insufficient all of Plaintiff's allegations, the Court does require that any First Amended Complaint be complete in itself and not refer in any manner to the prior Complaint. Plaintiff may not add Defendants without leave of court. See Fed. R. Civ. P. 21. Failure to file a timely First Amended Complaint in conformity with this Order may result in the dismissal of this action. See

Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

DATED: October 2, 2017.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED this 28th day of September, 2017, by:

           /s/
_____
       CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

7